HOUSTON, Justice.
The plaintiff Grady Buchanan appeals from a summary judgment for the defendant Frank Mitchell in this action seeking damages for personal injuries. Buchanan alleged that Mitchell had negligently failed to maintain a safe workplace and that that negligence had proximately caused Buchanan’s injuries. We affirm.
The following material facts are undisputed: Buchanan, a carpenter with more than 20 years’ experience in the construction industry, was working as a subcontractor for Downer Construction Company, Inc. The St. Blaise Company, doing business in Auburn under the name “Cheebur-ger-Cheeburger,” hired Downer Construction Company to remove window frames from the second floor of a building owned by Mitchell and leased to St. Blaise. Buchanan was injured when he fell approximately 8 feet from a 28-foob-long aluminum extension ladder while attempting to remove glass from a window frame in the building. Buchanan was not holding on to the ladder at the time of his fall. He had both hands above his head in an attempt to pry a window loose with his hammer. According to Buchanan, his hammer slipped off the window and the ladder catapulted him backwards to the concrete below. The ladder remained propped against the building; it did not collapse or fall apart. Mitchell, who owned the ladder, had brought the ladder to the construction site and had made it available for use by Downer Construction Company. While Buchanan was using the ladder, the two sections of the ladder were secured together with only wire and rope. The ladder was not approved by the Occupational Safety and Health Administration (OSHA) for commercial use. There was also a 28-foob-long fiberglass extension ladder avail *1056 able for Buchanan to use on the job site. That ladder was approved by OSHA for commercial use. Buchanan also had a ladder that was located on another job site no more than two miles away. Buchanan knew that both of those ladders were available for his use. As a result of the fall, Buchanan, who weighed 240 pounds, shattered his right arm and elbow; he has been unable to return to his occupation as a carpenter.
Buchanan filed this action against Downer Construction Co., and its owner, Paul Downer; St. Blaise, d/b/a Cheeburger-Cheeburger; and Mitchell, alleging that, given OSHA standards for workplace safety, they had negligently failed to provide him with a safe workplace. Mitchell answered, denying the allegations of the complaint and raising the affirmative defense of contributory negligence. Mitchell later filed a motion for a summary judgment, which he supported with Buchanan’s deposition testimony and a copy of his building lease with St. Blaise. Buchanan opposed the summary-judgment motion with the deposition testimony of Buchanan, Downer, and Mitchell, as well as the affidavit testimony of Dr. Thomas Cooper. Dr. Cooper is a registered engineer employed by Auburn University. He stated that he is familiar with OSHA regulations. Dr. Cooper also stated that the ladder on which Buchanan was injured was not OSHA-approved for the kind of work that was being performed; that it should not have been on the job site; that the ladder could not safely hold a person weighing over 200 pounds; and that “under no circumstances should [the] ladder have been used by a 260-pound worker to use as a work area.” (Buchanan testified that he weighed 240 pounds at the túne of the accident; there appears to be no evidence disputing that testimony.) After a hearing, at which the parties were allowed to orally argue the motion, the trial court entered a summary judgment for Mitchell and certified that judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. Buchanan appealed.
Buchanan argues that Mitchell had a statutory duty to provide him a safe workplace and that Mitchell breached that duty by providing a defective ladder for use at the job site. He also argues that Mitchell did not establish that Buchanan was contributorily negligent in his use of the ladder, so as to warrant the entry of a judgment against him on that ground. Mitchell argues that the undisputed evidence establishes that he owed no duty to Buchanan and that Buchanan was contrib-utorily negligent. Therefore, he contends, he was entitled to a judgment as a matter of law.
A summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Once the moving party makes a prima facie showing that there is no genuine issue of material fact for a jury to resolve, the burden shifts to the nonmov-ant to present substantial evidence creating such an issue of fact. In determining whether the nonmovant presented sufficient evidence to defeat a properly supported summary-judgment motion, this Court, like the trial court, reviews the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Specialty Container Mfg., Inc. v. Rusken Pkg., Inc., 572 So.2d 403 (Ala.1990).
After carefully reviewing the record and the briefs, we conclude that the summary judgment was proper. It is undisputed that Buchanan knew of the dangerous condition of the ladder. Buchanan testified that he first observed the ladder while it was still in Mitchell’s truck and that at that time he noticed that the “clips” on the ladder were broken and that the two sections of the ladder had been secured by wire. Buchanan also testified that as he was climbing the ladder, immediately before the fall, he again noticed that “there were wires on it and the clips were broken off.” Buchanan further testi- *1057 fled that he was aware that the ladder was unsteady:
“A. Well, I knew it was a little wobbly.
“Q. Did that scare you or bother you?
“A. No, not really. I had been up on wobbly ladders before. Standard construction.
[[Image here]]
“Q. Just wobbled like any other ladder; right?
“A. Yeah, maybe a little bit more than others.”
Buchanan testified that he had been on a ladder almost every day for the past 20 years and that he appreciated the danger of using Mitchell’s ladder: “I would have had scaffolding or a good ladder set up there and work from the outside.” Buchanan summed up the overall condition of the ladder as follows: “It was just a flimsy, pitiful ladder that some homeowner would have used. If it had been any kind of construction worker, they would have thrown it off the job.”
Contributory negligence may be found to exist as a matter of law when the evidence is such that reasonable people must all conclude that the plaintiff was negligent and that the plaintiffs negligence was a proximate cause of the plaintiffs injury. Gulledge v. Brown & Root, Inc., 598 So.2d 1325 (Ala.1992). Considering all of the undisputed facts (i,e., that Buchanan is an experienced carpenter with many years of work on construction sites; that Buchanan weighed 240 pounds; that he was aware that Mitchell’s ladder was broken and that the two sections of the ladder were held together with wire and rope; that he appreciated the obvious danger posed by the “flimsiness” of the ladder; and that he was working with both hands above his head, in such a position that he could not readily grab the ladder with his hands), we conclude that this is one of those cases where all reasonable people must reach the same conclusion— that Buchanan failed to exercise reasonable care under the circumstances and that that failure was a proximate cause of his injuries.
For the foregoing reasons, we must conclude that Buchanan was contributorily negligent, as a matter of law, and, therefore, that the summary judgment was proper. Because our decision is based on the affirmative defense of contributory negligence, we pretermit any discussion of the question whether Mitchell owed a duty to maintain a safe workplace for Buchanan.
AFFIRMED.
HOOPER, C.J., and MADDOX, COOK, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.